IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JONATHAN LEE SUTTON, No. 11190-030 | ) | |
| Petitioner, | ) | Case No. 25-cv-1603-RJD |
| v. | ) | |
| WARDEN, FCI GREENVILLE, | ) | |
| Respondent. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Doc. 1. Petitioner contends that the Bureau of Prisons ("BOP") made a "simple, correctable" error by utilizing information from Petitioner's Presentence Report ("PSR") that caused him to be designated as having a Criminal History Category IV designation, rather than relying upon a finding by Petitioner's sentencing Court. *Id*., p. 3. Had the BOP used the finding from the sentencing Court, Petitioner would be classified with Criminal History Category III. Petitioner requests that this Court order BOP to correct this error, then recalculate and apply earned time credits accordingly. *Id*., p. 3.

Respondent explains that Petitioner correctly noted that the BOP was relying upon the PSR, which indicated that Petitioner had 8 criminal history points for his Criminal History. Doc. 26, p. 1. The BOP has since confirmed that Petitioner's sentencing judge reduced Petitioner's criminal history points by two, resulting in 6 total points for Category III. *Id*. BOP has since

updated Petitioner's Criminal History Category to reflect six points, instead of eight. *Id*. However, Respondent contends that even with a Category of III, Petitioner is still not yet eligible to have FSA time credits applied to his sentence and therefore the Petition must be denied. Respondent filed a Motion for Summary Judgment on the issue of administrative remedy exhaustion, noting that if Petitioner had exhausted this issue via the administrative remedy program, his Criminal History would have been changed to Category III without the need for litigation. Doc. 20.

## I. Background

On September 17, 2024, the United States District Court for the Southern District of Iowa sentenced Petitioner to 71 months in the BOP and three years of supervised release as a felon in possession of a firearm, in violation of 18 U.S.C. §§922(g)(1). Doc. 26-1, p. 33-34. Petitioner was incarcerated at FCI Greenville when he filed this case. Doc. 1. Petitioner is currently incarcerated at FCI-Manchester with a projected release date of April 24, 2028 (*See* BOP, Find an Inmate, https://www.bop.gov.inmateloc/ (last visited September 28, 2026).[1] The Court notes that even though Petitioner has transferred out of this District, this Court may still render a decision on the Petition. *In re Hall*, 988 F.3d 376 (7th Cir. 2021).

## II. Analysis

The Court may grant a writ for habeas corpus to an inmate "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2441(c)(3). As a preliminary matter, Petitioner was required to exhaust administrative remedies prior to filing his habeas petition. *See Richmond v. Scibana*, 387 F.3d 602,604 (7th Cir. 2004); *see also Gonzalez v.*

---

[1] The Court has not yet received an updated address from Petitioner regarding his placement at FCI Manchester. Petitioner had recently informed the Court that he expected to be transferred to FCI Manchester.

*O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). The BOP's administrative process contains multiple steps, and Petitioner states that he attempted to utilize the administrative process at FCI Greenville but BOP staff failed to respond to his filings. Doc. 23, pp. 1-2. Petitioner filed an affidavit explaining that he submitted an administrative remedy form to the Warden, who never responded. Doc. 23-1, p. 2. An inmate may be excused from the exhaustion requirement if he shows there is "no reasonable prospect" that he could obtain any relief from the BOP. *Gonzalez*, 355 F.3d at 1016-17. It is not clear whether that process was futile for Petitioner; regardless, even if Petitioner had properly exhausted his administrative remedies, he is not entitled to the relief he seeks in the instant §2241 petition.

Under the Fair Step Act ("FSA"), inmates in federal custody may earn credits for earlier release from prison. 18 U.S.C. §3632(d)(4). The Attorney General of the United States, along with the Bureau of Prisons ("BOP") developed the "PATTERN Risk Assessment" (Prisoner Assessment Tool Targeting Estimated Risk and Needs) to measure an inmate's recidivism risk. 18 U.S.C. §3631, 3632; https://www.bop.gov.inmates/fsa/pattern.jsp; *see also Booker v. Williams*, Case No. 21-cv-215, 2022 WL 4314362, *1 (S.D. Ill. Sept. 19, 2022). The BOP may apply FSA time credits toward prerelease custody or early transfer to supervised release for an inmate who has maintained a minimum or low recidivism risk during the term of imprisonment, or shown a demonstrated recidivism risk reduction. 18 U.S.C. §3624(g)(1)(B); 28 C.F.R. §523.44(b).

Respondent submits a declaration to the Court from Rovelda Workman, a Unit Manager for BOP at FCI Greenville. Doc. 26-1. Ms. Workman explains that "PATTERN calculates two risk scores: one for general recidivism risk ("General") and one for violent ("Violent") recidivism risk". Doc. 26-1, p. 2, ¶7. If these scores differ, the higher score is used as the inmate's PATTERN score. *Id.* At Petitioner's July 5, 2025 assessment, Petitioner's General score was

medium (with a total of 44 points, including 24 Criminal History Points) and Violent score was high (with a total of 34 points, including 9 Criminal History Points).[2] Id., p. 3, ¶9. When Petitioner was assessed in January 2025, he had the same scores. Id., p. 3. ¶10. Thus, at both the January and July 2025 assessments, Petitioner's PATTERN score was high; his FTCs could only be applied if his PATTERN score was minimum or low.

If the BOP had used the Criminal History points from Category III (instead of Category IV) to calculate Petitioner's PATTERN score at the January and July 2025 assessments, Petitioner's General score would have been low (with a total of 36 points) and his Violent score would have been medium (with a total of 31 points). Thus, Petitioner's PATTERN score would have been medium, since that was the higher score. Consequently, even if the BOP had used the criminal history points from Category III, Petitioner would still not have been statutorily eligible for application of his FSA time credits because his PATTERN score would not have been minimum or low.[3]

In his Reply, Petitioner states Respondent "produced no numerical evidence" to support the BOP's conclusion that Petitioner's FSA time credits could not have been applied even if his Criminal History Category III points were used (instead of Category IV). The Court disagrees. Ms. Workman's declaration explains how BOP determined that Petitioner would have received a low General score and a medium Violent score at his January and July 2025 assessments if his Criminal History Category was III instead of IV. Doc. 26-1, pp. 55, 57, 59, 66. To avoid cross referencing the multiple exhibits attached to Ms. Workman's declaration, the Court developed the

---

[2] The numerical scales for General and Violent scores differ.

[3] Inmates with a high or medium PATTERN score may petition the Warden for application of FSA time credits. 18 U.S.C. §3624(g)(1)(D)(i)(II); 28 C.F.R. §523.44(b)-(c).

following tables to include (on one page) the formulas and scores used:

**PATTERN risk scoring for an inmate's Criminal History (Doc. 26-1, p. 55)**

| | | |
|---|---|---|
| Category III | General score<br>16 | Violent score<br>6 |
| Category IV | General score<br>24 | Violent score<br>9 |

Criminal History is one of 15 categories in which the points of each category are added together to total the inmate's PATTERN risk of recidivism score.

**Total PATTERN points used to calculate an inmate's risk of recidivism (Doc. 26-1, p. 66)**

**General**

| minimum | low | medium | high |
|---|---|---|---|
| 5 or less | 6 to 39 | 40 to 54 | 55 or more |

**Violent**

| minimum | low | medium | high |
|---|---|---|---|
| 7 or less | 8 to 24 | 25 to 31 | 32 or more |

**Petitioner's January 2025 and July 2025 recidivism risk as calculated by PATTERN**[4]

| | Criminal History points for General | Criminal History points for Violent | Total PATTERN score General (of which Crim. Hist. is one of 15 categories) | Total PATTERN score Violent (of which Crim. Hist. is one of 15 categories) | PATTERN risk of recidivism score (the higher score of General or Violent) |
|---|---|---|---|---|---|
| How BOP actually calculated the risk using Category IV: | 24 | 9 | 44 (medium) | 34 (high) | high |
| IF BOP had used Category III for Criminal History | 16 | 6 | 36 (low) | 31 (medium) | medium |

[4] Doc. 26-1, pp. 57, 59.

Regardless of whether Petitioner had a high PATTERN score at his January and July 2025 assessments (which he did), or a medium PATTERN score at those assessments (which he should have had), he was not eligible for application of FSA time credits unless approved by the Warden. 18 U.S.C. §3624(g)(1)(D)(i)(II); 28 C.F.R. §523.44(b)-(c). Inmates with a high or medium PATTERN score must submit a request to the Warden for application of FSA time credits, and Ms. Workman's declaration states that there is no record Petitioner submitted such a request. Doc. 26-1, p. 6, ¶25. Petitioner does not argue otherwise.

Accordingly, Petitioner has not shown that the change in Criminal History would have resulted in his statutory eligibility for application of his TSA time credits; therefore, the Petition must be dismissed with prejudice. *Silva v. Warden*, Case No. 23-cv-586, 2024 WL 5055811, *2-*3. (S.D. Ind. Nov. 22, 2024). The Court notes that Petitioner ends his Reply brief with the following statement and list:

> Once Petitioner's criminal history category is corrected from level 4 to level 3, the following must occur:
>
> 1. General recidivism risk score recalculates
> 2. Violent recidivism risk score recalculates
> 3. PATTERN risk category recalculates
> 4. Criminogenic Needs scores update
> 5. EBRR impact weighting changes
> 6. FSA credit earning rate changes
> 7. Credit application eligibility changes
> 8. Pre-release custody eligibility changes

Regarding items ##1-3, and as explained above, Respondent has established that Petitioner's General recidivism risk, Violent recidivism risk and PATTERN risk category were recalculated by the BOP. Items ##4-8 in this list were never mentioned in the Petition. Doc. 1. The Petition specifically requests the Court to order BOP to correct Petitioner's Criminal History Category to

III instead of IV (which BOP has done) and to order BOP to recalculate Petitioner's PATTERN score and apply earned time credits accordingly (BOP has established that recalculating Petitioner's PATTERN recidivism risk does not result in the statutory application of FSA time credits). To the extent Petitioner is seeking leave to amend his Petition to request relief regarding items 4-8, his cursory statement referencing an "update" and "changes" that "must occur" does not establish good cause to do so. 28 U.S.C. §2242; Fed. R. Civ. P. 15(a).

## III. Conclusion

Petitioner fails to establish grounds for habeas relief under 28 U.S.C. §2241. The petition is DISMISSED WITH PREJUDICE. All pending motions are DENIED AS MOOT. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 29, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**